Filed 8/12/26  P. v. Hawthorne CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

| | |
|---|---|
| THE PEOPLE,<br>    Plaintiff and Respondent,<br><br>    v.<br><br>DAVARIAY MARKEE HAWTHORNE,<br>    Defendant and Appellant. | C103859<br><br>(Super. Ct. No. 24FE018709) |

Appointed counsel for defendant Davariay Markee Hawthorne filed an opening brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 raising no issues on appeal and asking this court to independently review the record.  We issued a supplemental briefing order asking the parties to address whether a limited reversal and remand was warranted in light of the trial court's imposition in the same case of separate restitution fines for Hawthorne's felony and misdemeanor convictions and related issues.  Having reviewed that briefing, we will direct the trial court to amend the abstract of judgment to include the $150 restitution fine imposed on Hawthorne's misdemeanor conviction and affirm the judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

Early one morning in October 2024, Officers Kyle McCloskey and David Ricci were patrolling an area of Sacramento when they observed a black vehicle swerving between lanes.  They pulled alongside the vehicle and saw the driver on his cell phone.

1

The vehicle made an abrupt right turn, and the officers temporarily lost sight of the car. After locating it again, the officers executed a traffic stop. Hawthorne fled through the passenger door as soon as the vehicle stopped. Officer Ricci followed Hawthorne, yelling for him to stop. Hawthorne discarded his sweatshirt during the chase and was later found hiding under a car in a driveway and taken into custody. The driver of the black vehicle stayed with his car. Approximately 110 feet from the vehicle and along Hawthorne's flight path, Officer McCloskey located a loaded handgun. The gun was near the front passenger tire of a parked car, lying on top of leaves, and was not cold to the touch. The parties stipulated that Hawthorne had been previously convicted of a felony.

An April 2025 amended information charged Hawthorne with possession of a firearm by a felon (Pen. Code, § 29800, subd. (a)(1); count one)[1] and misdemeanor delaying or resisting a peace officer (§ 148, subd. (a)(1); count two). The information also alleged as to count one that Hawthorne had suffered a prior strike (§§ 667, subds. (b)-(i), 1170.12) and that there were multiple aggravating sentencing factors.

Prior to trial, Hawthorne requested mental health diversion (§ 1001.36), which the prosecution opposed. The trial court denied that request after finding clear and convincing evidence to overcome the presumption of a nexus between the offense and Hawthorne's mental health disorder. (§ 1001.36, subd. (b)(2).)

A jury found Hawthorne guilty on both counts. At a bifurcated proceeding following Hawthorne's waiver of a jury trial, the trial court found true the prior strike allegation and multiple aggravating sentencing factors.

At sentencing, the court found Hawthorne was ineligible for probation and, even if eligible, he was not suitable given the circumstances. After considering the

---

[1] Undesignated statutory references are to the Penal Code.

appropriateness of the lower and upper terms, the court imposed the middle term on count one, doubled because of the prior strike, for an aggregate term of four years. The court did not impose additional time for count two. The court awarded 210 days of actual custody credit and 210 days of conduct credit, for a total of 420 days of presentence custody credit.

The trial court imposed a $600 restitution fine (§ 1202.4, subd. (b)) and a corresponding suspended parole revocation restitution fine (§ 1202.45) on count one, a statutory minimum $150 restitution fine (§ 1202.4, subd. (b)) on count two, two $30 conviction assessment fees (Gov. Code, § 70373), and two $40 court operations assessment fees (§ 1465.8). Hawthorne's abstract of judgment omitted the $150 restitution fine imposed on count two. Hawthorne timely appealed.

DISCUSSION

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d at p. 436.) Hawthorne was advised by counsel of his right to file a supplemental brief. He did not do so.

We issued a supplemental briefing order asking the parties to address whether a limited reversal and remand was warranted in light of the trial court's imposition in the same case of separate restitution fines for Hawthorne's felony and misdemeanor convictions and related issues. The parties agree, as do we, that a limited reversal and remand is not required.

In *People v. Holmes* (2007) 153 Cal.App.4th 539, this court previously upheld the imposition of separate restitution fines for the defendant's felony and misdemeanor convictions. (*Id*. at pp. 546-548.) In that case, the trial court imposed a prison term on the felony conviction and a probation term on the misdemeanor conviction, requiring the imposition a parole revocation restitution fine and a probation revocation restitution fine in differing amounts. (*Ibid.*) In this case, the trial court declined to impose any term on

3

the misdemeanor conviction, but we see no reason why the trial court would not have the authority to impose a restitution fine on this conviction consistent with *Holmes*.

Moreover, given that *Holmes* decided that the parole revocation restitution fine should match the portion of the restitution fine associated with the felony conviction to which a period of parole applied (*People v. Holmes*, *supra*, 153 Cal.App.4th at p. 547), we conclude the trial court properly set the parole revocation restitution fine to match the amount imposed for Hawthorne's felony conviction.

Nonetheless, we note that Hawthorne's abstract of judgment is missing the $150 restitution fine imposed on the misdemeanor count. We will direct the trial court to prepare an amended abstract of judgment including this additional restitution fine. Because the trial court's minute order following sentencing already includes this amount, no amendment to that document is required.

### DISPOSITION

The judgment is affirmed. The trial court is directed to prepare an amended abstract of judgment adding the $150 restitution fine imposed on the misdemeanor conviction and forward a certified copy to the Department of Corrections and Rehabilitation.

/s/
BOULWARE EURIE, J.

We concur:

/s/
HULL, Acting P. J.

/s/
ROBIE, J.

4